UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY A. LOWE,                           Civil Action No.: 20-11216
                                          Honorable Linda V. Parker
            Plaintiff,                    Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]**

Plaintiff Stacey A. Lowe has filed a complaint and an application to proceed *in forma pauperis.* [ECF No. 1, 2].[1] Her application to proceed *in forma pauperis* should be **DENIED**, and she should be required to pay the filing fee in this matter.

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." When

---

[1] The case has been referred to this Court under 28 U.S.C. § 636(b)(1). [ECF No. 3].

reviewing an IFP application, courts consider the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts deny IFP applications when applicants have assets or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases).

Here, Lowe's IFP application indicates that her spouse's weekly take-home pay is $698. [ECF No. 2, PageID.3]. Thus, her household income is roughly $2,800 per month. According to Lowe, her family's "regular monthly expenses" are about $2,320, and the rest of her family's monthly income is used for her son's care, "including clothing, school supplies,

shoes, etc." [*Id.*, PageID.4].² But she does not state "how much" she contributes to supporting her son, despite the application's question for that information. [*Id.*].

The difference between Lowe's household income and itemized monthly expenses is about $470, while the filing fee for Lowe's complaint is $350. 28 U.S.C. § 1914(a). And Lowe has the choice to delay buying her son new clothing and shoes so that she can pay her filing fee. The Court finds that Lowe's "access to court is not blocked by [her] financial condition, but rather [she] is properly in the position of having to weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims." *Carroll*, 2015 WL 404105, at *3

The Court thus **RECOMMENDS** that Lowe's application be **DENIED**.


Dated: May 21, 2020  s/ Elizabeth A. Stafford
United States Magistrate Judge  ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

---

² Lowe states her "regular monthly expenses" include: $419/month for townhouse/co-op membership; $291/month for truck lease; $180/month for phone; $220/month for car lease; $50/week (so about $200/month) for fuel; $600/month for groceries; $200/month for cable/internet; $30/month for doctor's copayment; $30/month for prescriptions; $30/month for dog food; and $120/month for car insurance.

3

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2020.

                                         <u>s/Marlena Williams</u>
                                         MARLENA WILLIAMS
                                         Case Manager