UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY A. LOWE,

        Plaintiff,                        Civil Case No. 20-11216
                                               Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JUNE 30, 2021 REPORT AND RECOMMENDATION [ECF NO. 18]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 16]; AND (4) AFFIRMING DEFENDANT'S DECISION**

Stacy A. Lowe ("Plaintiff") filed this lawsuit on May 15, 2020, challenging the Commissioner of Social Security's decision denying her application for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs. (ECF No. 2.) On May 18, 2020, this Court referred the matter to Magistrate Judge Elizabeth A. Stafford for a determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

(ECF No. 3.) The matter was reassigned and referred to Magistrate Judge Kimberly Altman on October 15, 2020.

The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 15, 16.) On June 30, 2021, Magistrate Judge Altman issued an R&R in which she recommends that this Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the decision finding Plaintiff not disabled. (ECF No. 18.) In the R&R, Magistrate Judge Altman first rejects Plaintiff's argument that the ALJ failed to properly apply the legal standard for assessing medical opinion evidence and finds that the ALJ's opinion adequately addressed both the supportability and consistency factors listed in the regulations. (*Id.* at Pg ID 436.) Magistrate Judge Altman next rejects Plaintiff's second argument that the residual functional capacity ("RFC") needed to include additional limitations. (*Id.* at Pg ID 440.)

At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 440-41.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at Pg ID 441(citations omitted).) Plaintiff filed objections to the R&R on July 14, 2021. (ECF No. 19.) The Commissioner filed a response to Plaintiff's objections on July 28, 2021. (ECF No. 20.)

# BACKGROUND

1. **Plaintiff's Disability Application and the Administrative Process**

Plaintiff was born on July 15, 1974, making her 41 years old on her alleged onset date of May 1, 2016. (ECF No. 11 at 178.) Plaintiff had past relevant work as a lunch aid from September 2009, until the alleged date of onset. (*Id*. at Pg ID 83, 123.) Plaintiff claimed disability from back pain, left leg pain, and left hip pain. (*Id*. at Pg ID 117.)

The Social Security Administration initially denied Plaintiff's application for SSI on September 13, 2017. (*Id*. at Pg ID 126-130.) At Plaintiff's request, a hearing took place before an ALJ on November 16, 2018. (*Id*. at Pg ID 76-115.) Plaintiff and a vocational expert ("VE") testified at the hearing. (*Id*.) On January 24, 2019, the ALJ issued a written decision finding Plaintiff not disabled as defined by the Social Security Act. (*Id*. at Pg ID 57-50.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 20, 2020. (*Id*. at Pg ID 46-48.) Plaintiff timely filed for judicial review of the final decision. (ECF No. 1.)

2. **The Evaluation Framework**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he or she can do other work. 20 C.F.R.

> § 404.1420(a)(4)(v). If there is no such work that
> the claimant can perform, the ALJ must find the
> claimant disabled. *Id.*

If the ALJ finds the claimant disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* However, if the ALJ does not find the claimant disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

3. **The ALJ's Decision**

Following a five-step sequential analysis, the ALJ determined that the Plaintiff was not disabled. At the first step, the ALJ concluded that Plaintiff was not engaged in substantial gainful activity since May 22, 2017. (*Id.* at Pg ID 62.) The ALJ found at step two that Plaintiff has the severe impairments of degenerative disc disease and major depressive disorder. (*Id.*) The ALJ next analyzed whether Plaintiff's impairments meet any of the listed impairments and determined that they do not. (*Id.* at Pg 63-64.)

At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following additional limitations:

- She must be able to change [her] position between sitting and standing every 15 minutes or more is [sic] needed;

5

- She is limited to lifting and carrying only up to five pounds;
- She must be able to elevate her legs on a stool 15 inches high while seated;
- She may occasionally climb stairs, but can never climb ladders, ropes, or scaffolds;
- She may occasionally balance and stoop, but may never kneel, crouch, or crawl;
- She requires a cane for ambulation; and
- She must avoid dangerous machinery and unprotected heights is limited to simple and routine tasks.

(*Id.* at Pg ID 64-65.) The ALJ then found that Plaintiff has no past relevant work. (*Id.* at Pg ID 68.)

At the final step, the ALJ considered whether a significant number of jobs exist in the national economy that Plaintiff could perform given her age, education, and RFC. (*Id.* at Pg ID 69.) Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs in significant numbers in the national economy that Plaintiff could perform. (*Id.*) Specifically, the ALJ identified the jobs of information clerk, inspector, and hand packager. (*Id.*) The ALJ therefore found Plaintiff not disabled as defined by the Social Security Act. (*Id.* at Pg ID 70.)

## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . .. The court shall have the power to enter . . . a judgment affirming, modifying, or

> reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d

87, 92-93 (6th Cir. 1983). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## **PLAINTIFF'S OBJECTION & ANALYSIS**

Plaintiff challenges the ALJ's decision and the Report and Recommendation on three grounds:

1. The issue of leg elevation raised by Dr. Pope's report remains unresolved, and the R&R fails to adequately explain how the ALJ accounted for this limitation.

2. The R&R fails to explain or point to the specific portions of the decision where the ALJ addressed the "supportability" and "consistency" factors necessary for evaluating opinion evidence under new regulations.

3. The ALJ failed to adequately account for all mental limitations reasonably raised by the record, and the R&R does not sufficiently correct this error.

(ECF No. 19.) The Court addresses each argument in turn.

### **1. Leg Elevation**

First, Plaintiff argues that by according little weight to Dr. Pope's opinion that Plaintiff needed to elevate her legs to her chest level, the ALJ violated the articulation requirements of § 416.920c(a). (ECF No. 19 at Pg ID 445.)

8

Specifically, Plaintiff argues that the ALJ failed to articulate an "accurate and logical bridge" between the evidence and the outcome of partially crediting leg elevation. (*Id.* (citing *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824 (E.D. Mich. 2017)).) However, the ALJ opined that Dr. Pope's opinions regarding Plaintiff's limitations were "not proportional or supported by the medical evidence in the record." (ECF No. 11 at Pg ID 67.) As Magistrate Judge Altman found, when the ALJ partially credited Dr. Pope's opinion, the ALJ relied on Plaintiff's testimony, an MRI, and "[an internal medicine examination] report, which contradicted the extreme restrictions that Dr. Pope opined were necessary." (ECF No. 18 at Pg ID 435-36.) Thus, the ALJ did provide a logical bridge between the evidence from the record and the outcome reached.

Plaintiff next maintains that the ALJs finding that some leg elevation was necessary is arbitrary. Plaintiff argues "that this case is analogous to others where the court found that the ALJ arbitrarily determined that a claimant's capacity to remain on-task fell just above the cut-off for a disability finding." (ECF No. 19 at Pg ID 446 (citations omitted).) In the case Plaintiff cites, the court found the ALJs figures to be arbitrary to *supportable* medical opinions. Here however, the ALJ found the opinion of Dr. Pope to be unsupported and not explained. (*See* ECF No. 11 at Pg ID 67-68.)

9

Last, Plaintiff argues that the ALJ did not specifically cite to the medical records she felt contradicted Dr. Pope's opinion in her decision and that remand for further explanation is necessary. (ECF No. 19 at Pg ID 447.) As discussed above, however, the ALJ did identify the medical evidence used in finding the opinion of Dr. Pope to be unsupported and inconsistent. Reading the ALJ's decision as a whole, the ALJ discusses evidence that contradicts Dr. Pope's opinion even if it is not explicitly compared to Dr. Pope's opinion or referred to in the same sentence or paragraph discussing that opinion. *See Gates v. Colvin*, No. 12–cv–00220, 2013 WL 3087268 at *13 (S.D. Ohio June 18, 2013) ("it is proper to read the ALJ's decision as a whole) (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir.2004)).

### 2. Supportability and Consistency in R&R

Second, Plaintiff argues that the ALJ failed to address "supportability" and "consistency" factors under the new regulations. Plaintiff argues that "[t]he ALJ must also explain how they considered these factors." (ECF No. 19 at Pg ID 447-48 (citing *Palmore v. Comm'r of Soc. Sec.*, No. 1:20-CV-36, 2021 WL 1169099, at *8 (S.D. Ohio Mar. 29, 2021).) In *Palmore*, the court found that the ALJ's decision that one medical opinion was more persuasive than another, without more explanation, made the court unable to determine the evidentiary basis for the ALJ's conclusion. *Id.* Here however, as Magistrate Judge Altman adequately explained,

the ALJ did meet the required articulation standards and explained how she considered the supportability and consistency factors of the different medical providers.  (*See* ECF No. at Pg ID 430-36.)

In addition to the analysis Magistrate Judge Altman noted, the ALJ also considered the supportability and consistency factors of a state medical consultant from September 2017, finding that "although [it was] somewhat consistent with the medical evidence of record, it [was] given only limited weight since the opinion was unable to take into account, the claimant's hearing testimony or mental health records."  (ECF No. 11 at Pg ID 67.)  This further demonstrates the ALJ's careful weighing of evidence and the opinions for consistency and supportability.

The ALJ "was required to articulate "how persuasive [she] [found] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 416.920c(b)."  (ECF No. 18 at Pg ID 436.)  The Court finds that the ALJ sufficiently did so in her decision.  (*See* ECF No. 11 at Pg ID 65-68.)

### 3. Mental limitations in concentration, persistence, and pace

In Plaintiff's final objection, she argues that the ALJ's RFC finding did not adequately account for the record-supported limitations regarding concentration, persistence, and pace and that this impacted the adequacy of the ALJ's questions to the VE.  Plaintiff maintains that the ALJ was required to provide additional

11

limitations such as production rate, quotas, or other mental-related RFC restrictions.

The ALJ found that Plaintiff had "a moderate limitation" "[w]ith regard to concentrating, persisting, or maintaining pace."[1] (ECF No. 11 Pg ID 64). Although not listed in the bolded area of her opinion addressing Plaintiff's RFC, the ALJ did restrict Plaintiff to "simple and routine tasks." (*Id.* at Pg ID 68.) In her hypothetical questions to the VE, the ALJ also inquired of an individual capable of performing work with the limitation *inter alia* of "simple and routine tasks." (*Id.* at Pg ID 100.) Plaintiff fails to articulate how this assessment does not accurately articulate her mental limitations. For this reason, as Magistrate Judge Altman concludes, *Brown v. Commissioner of Social Security*, 672 F. Supp. 2d 794 (E.D. Mich. 2009), is distinguishable.

As Plaintiff recognizes in her motion, there is "no bright-line rule requiring an ALJ to account for moderate limitations in [concentration, persistence, and pace] in a certain way." (ECF No. 15 at Pg ID 378 (quoting *Bellman v. Comm'r of Soc. Sec.*, No. 18-10872, 2019 WL 1521994, at *8 (E.D. Mich. Mar. 20, 2019,

---

[1] To make this determination, the ALJ relied on: (1) a functions report finding that the length of time Plaintiff could pay attention depends on pain management and the side effects of medication; (2) a 2018 psychological examination where the Plaintiff was noted to be easily distracted and to have a short attention span; and (3) Plaintiff's testimony that her ability to concentrate and focus has diminished. (ECF No. 11 at Pg ID 64.)

*report & recommendation adopted*, 2019 WL 1515258 (E.D. Mich. Apr. 8, 2019).); *see also Barajas v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-11219, 2021 WL 4099250, at *5 (E.D. Mich. Aug. 10, 2021), *report & recommendation adopted*, 2021 WL 4078666 (E.D. Mich. Sept. 8, 2021).  As such, when analyzing an ALJ's decision, "the [c]ourt must—given the particular evidence in the case at hand—determine whether the limitations imposed by the ALJ adequately accounted for the claimant's moderate restriction in [concentration, persistence, and pace]." *Bellman*, 2019 WL 1621994, at *8 (citations omitted); *Barajas*, 2021 WL 4099250, at *5 ("The ultimate question is whether substantial evidence supports the ALJ's choice of limitations in the RFC assessment and corresponding hypothetical.") (brackets, quotation marks and citation omitted).  Importantly, it is a claimant's burden to demonstrate a need for a more restrictive RFC and hypothetical question.  *See Wilson,* 378 F.3d at 548; *see also Barajas*, 2021 WL 4099250, at *5.

      Plaintiff points only to a 2018 psychological examination noting that she had a "short attention span" and "easy distractibility."  (ECF No. 15 at Pg ID 378-79 (citing ECF No. 11 at Pg ID 321).)  The ALJ considered this evidence, however, in concluding that Plaintiff has a moderate limitation with regard to concentrating, persisting, or maintaining pace.  (ECF No. 11 at Pg ID 64.)  Plaintiff does not explain how this evidence required more severe limitations in the RFC.  *See, e.g.*,

13

*Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010) (concluding that the plaintiff failed to "explain why the facts of th[e] particular case require[d] a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace.")

The present matter is distinguishable from *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010) which Plaintiff cites. While the court held that the ALJ's hypothetical did not accurately portray the Plaintiff's mental impairment, the severity of the impairment in that case is not analogous to the moderate limitation here. In *Ealy*, the claimant's physician limited her ability to "sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical". *Id*. at 509. Based on that evidence, the court found that the ALJs streamlined hypothetical, which omitted this crucial limitation, did not accurately convey the claimant's limitations. *Id*. at 516. Plaintiff does not point to any similar limitation in the record. She, therefore, fails to show that the ALJ did not accurately account for her moderate mental limitations in the RFC or the hypothetical question proposed to the VE.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Altman's R&R and adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 30, 2021